**BUSINESS AIDES, INC., Plaintiff,**

v.

**The CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF VIRGINIA, Defendant.**

**Civ. A. No. 61–71–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

March 13, 1972.

William McL. Ferguson, Arthur G. Lambiotte, Ferguson & Lambiotte, Newport News, Va., for plaintiff.

Lewis T. Booker, John H. Shenefield, Hunton, Williams, Gay & Gibson, Richmond, Va., for defendant.

## OPINION

KELLAM, District Judge.

Plaintiff, Business Aides, Inc. (BAI), conducts a telephone answering service in Williamsburg, Newport News, and areas contiguous thereto, in Virginia. Defendant, Chesapeake and Potomac Telephone Company of Virginia (C&P), a public utility, provides telephone service in its franchised area through Virginia. BAI instituted this action for damages and injunctive relief under the federal antitrust laws. The complaint charges that C&P has (a) failed to offer or make available to plaintiff equipment available on the market to others, and used in other areas of the Bell Telephone System,[1] (b) failed to render the same service to plaintiff it has rendered to others, and (c) favored other of its customers over plaintiff. Plaintiff's position is more succinctly stated in its brief:

> Basically, plaintiff complains that the Defendant discriminated against Plaintiff and inhibited competition by refusing to make available to Plaintiff certain equipment, to-wit: concentrator identifier, call diverter, and 101 type key equipment.

Defendant propounded interrogatories to plaintiff which have been answered; filed request for admissions,[2] which was also answered; and filed an affidavit of fact. Plaintiff also filed an affidavit setting forth its position. Based on the affidavits, the request for admissions and pleadings, C&P moved for summary judgment. When counsel's attention was called to the fact that the affidavit filed on behalf of plaintiff raised the issue that concentrator identifier equip-

---

1. C & P is an affiliate of A T & T, known as the Bell Telephone System.

2. Defendant requested plaintiff to admit that the copy of the "General Exchange Tariff" attached to the request was the one in force in Virginia. While the written response of plaintiff was not a complete admission, at argument on the motion for summary judgment, plaintiff admitted the genuineness of the document.

ment was provided for some customers and denied to plaintiff, and that such equipment was offered for use by C&P in Maryland and in the District of Columbia, C&P filed an affidavit asserting that it does not offer concentrator identifier equipment to telephone answering bureaus in Maryland or the District of Columbia, and that it is not permitted by law to provide telephone service in said areas.

At argument, counsel for plaintiff stipulated that concentrator identifier equipment was not provided by C&P to any telephone answering service in Virginia, Maryland or District of Columbia. Hence, there are no material facts in dispute.

C&P says that the issue here involved is decided by Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315. That is, it says that the acts complained of are the result of state action or under the active supervision of the state, and that the execution of its regulations and plans depends on state regulations or actual state implementation.

C&P is a public utility operating in Virginia.[3] It has the duty to furnish reasonable and adequate service at reasonable and just rates and to charge uniformly therefor,[4] and to file a schedule of its rates and charges,[5] which it may not change except upon notice.[6] The State Corporation Commission is charged with the duty of regulating the utility. It has power to prescribe rates, and subject to the authority of the State Legislature, to regulate the other actions of the utility. The Commission has the power, upon complaint or upon its own motion, to suspend the enforcement of any or all of the proposed rates, charges, rules or regulations, to conduct an in-vestigation of the utility, and substitute other rates, charges, rules and regulations.[7] Further, if the Commission finds that the service of any utility is insufficient, preferential, or discriminatory, or inadequate, the Commission may substitute other regulations.[8] From action of the Commission, there is an appeal to the Supreme Court of Appeals of Virginia.[9]

"The Virginia State Corporation Commission is without question a proper state agency to qualify under Parker." Washington Gas Light Co. v. Virginia Electric & Power Co., 438 F.2d 248 (4th Cir.1971), and "SCC is a regulatory arm of the state, possessing both the authority and powers necessary to qualify under Parker." [438 F.2d 252]. Hence, plaintiff's protest should be to the State Corporation Commission. As the Court said in the Washington Gas Light case:

The antitrust laws are a poor substitute, we think, for plaintiff's failure to promptly protest to the SCC and to seek the administrative remedy ultimately shown to have been available and effective.

In keeping with what was said by the Court in Washington Gas, the actions of C&P "were at all times within the ambit of regulations and under the control of SCC" and were "exempt from the application of the laws of antitrust under the Parker doctrine."

I am not unmindful of the fact that factual conflict exists in the affidavits filed. But, plaintiff's stipulation as hereinbefore set out eliminates any factual issue. Accordingly, defendant's motion for summary judgment is granted. Counsel will within ten days submit an order in accordance with this opinion.

3. Virginia Code § 56–232
4. Virginia Code § 56–234
5. Virginia Code § 56–236
6. Virginia Code § 56–237
7. Virginia Code § 56–238
8. Virginia Code § 56–247
9. Virginia Code § 56–239